UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ELBERT MARCELL MITCHELL,

               Plaintiff,

          - against -

THE STATE OF NEW YORK, CITY OF NEW YORK,
and SUPREME COURT OF NEW YORK,

               Defendants.
------------------------------------------------------------------x

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
17-CV-3682 (PKC) (LB)

PAMELA K. CHEN, United States District Judge;

      Plaintiff Elbert Marcell Mitchell, who is currently incarcerated at the Attica Correctional Facility, filed this *pro se* action on June 16, 2017, requesting monetary damages related to his January 24, 2002, conviction in New York County and the injuries suffered during his subsequent incarceration. (Complaint ("Compl."), Dkt. 1.) Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is granted, but the Complaint is dismissed without prejudice, as venue is not proper in this Court.

## BACKGROUND[1]

      Plaintiff was convicted and sentenced to life imprisonment on January 24, 2002. (Compl. at 4.) During his subsequent incarceration, Plaintiff was physically assaulted and suffered injuries to his arms, hand, foot, and eyes. (*Id.*) He suffers from high blood pressure and diabetes and is at increased risk of stroke. (*Id.*) He has also experienced mental anguish and emotional trauma. (*Id.*) Plaintiff also asserts that his 2002 conviction was illegal and that the presiding judge was without jurisdiction. (*Id.* at 4-5.) He seeks $10 million in damages. (*Id.* at 5.)

---

[1] The following factual allegations are taken from the Complaint and its exhibits and are presumed to be true for purposes of this Order, unless otherwise indicated.

## DISCUSSION

Though Plaintiff's claims are all brought pursuant to 42 U.S.C. § 1983 ("Section 1983"), the Court construes his Complaint as alleging two distinct types of claims: (1) a claim pursuant to Section 1983 challenging the conditions of his confinement; and (2) a claim pursuant to 28 U.S.C. § 2254 ("Section 2254"), or a federal *habeas* claim, challenging the constitutionality of his 2002 conviction.[2]  This Court, however, may not consider either of these claims because venue is not proper in the Eastern District of New York.

Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in a judicial district in which any defendant resides or where a substantial part of the events or omissions giving rise to the claim occurred.  Plaintiff's Section 1983 claim seeks to challenge the conditions of his confinement at the Attica Correctional Facility ("Attica"), which, he alleges, led to his physical, emotional and mental injuries.  Attica is located in Wyoming County, New York.  Wyoming County is located within the Western District of New York.  *See* 28 U.S.C. § 112(d) (Wyoming County is located

---

[2] As presently alleged, Plaintiff's claim challenging the legality of his conviction is precluded by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).  *Heck* precludes claims brought under 42 U.S.C. § 1983 for monetary damages relating to an allegedly unlawful investigation, arrest, trial, and conviction, because any award in a plaintiff's favor would "necessarily imply" the invalidity of his conviction.  *Heck*, 512 U.S. at 486–87.  *Heck* states that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the [challenged] conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  *Heck*, 512 U.S. at 486–87.  Here, Plaintiff does not indicate that his conviction has been overturned.  *See Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973) (state prisoner challenging his conviction in federal court must do so by seeking a writ of *habeas corpus* pursuant to Section 2254, not by bringing a civil rights action pursuant to Section 1983).  While the Court construes Plaintiff's Complaint as partially seeking to petition for a writ of habeas corpus pursuant to Section 2254, the Complaint does not contain the necessary allegations for that claim to be heard.  *See, e.g.*, 28 U.S.C. § 2254(b)(1) (exhaustion requirement); 28 U.S.C. § 2244(d)(1) (one-year time limit to file Section 2254 petition).

within the Western District of New York). Plaintiff's Section 2254 claim seeks to challenge his 2002 conviction, which occurred in New York County. New York County is located within the Southern District of New York. *See* 28 U.S.C. § 112(b) (New York County is located within the Southern District of New York). Because neither of Plaintiff's claims arose in this district, venue is improper here. The Court, therefore, dismisses this action without prejudice. *See* 28 U.S.C. § 1406(a).

The Court considered whether to transfer this action to either or both the Northern and Southern Districts, but finds that transfer to another district would not be in interest of justice. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). Although the Court could transfer this action to the Northern District of New York on the basis of Plaintiff's Section 1983 "conditions of confinement" claim, because the Complaint, as construed by the Court, currently seeks to bring two separate claims, one of which, *i.e.*, the Section 2254 claim, is not properly venued in the Northern District,[3] the Court finds that the better course is to dismiss this action to allow Plaintiff to decide what claim or claims he wishes to pursue and to refile one or both in the appropriate district.

## **CONCLUSION**

For the foregoing reasons, the Complaint is dismissed pursuant to 28 U.S.C. § 1406(a), without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would

---

[3] If Plaintiff wishes to challenge his conviction, he must file a Section 2254 *habeas* petition in the Southern District of New York.

not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.

*See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated:  Brooklyn, New York
       July 20, 2017

                              /s/

                              Pamela K. Chen
                              United States District Judge